UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PRESIDENTIAL CANDIDATE
NUMBER P60005535 "also known as"
(aka) Ronald Satish Emrit, & Presidential
Committee/Political Action
Committee/Separate Segregated Fund
(SSF) Number C00569897 d/b/a United
Emrits of America,

      Plaintiffs,

v.

FORMER PRESIDENT BARACK
HUSSEIN OBAMA (BHO), MICHELLE
OBAMA, FORMER PRESIDENT JOE
BIDEN, JILL BIDEN, HUNTER BIDEN,
SUPREME COURT JUSTICE KETANJI
BROWN-JACKSON, FORMER PRINCE
ANDREW OF THE WINDSORS,
BRITISH PRIME MINISTER KEIR
STARMER,

      Defendants.

Case No. 1:26-cv-00219-DCN

**MEMORANDUM DECISION AND
ORDER**

## I. INTRODUCTION

The Plaintiffs in this case are actually all one man the Court will refer to as Satish.

Before the Court is Satish's Complaint (Dkt. 2), Application for Leave to Proceed in Forma

Pauperis (Dkt. 1), and Notice of Interlocutory Appeal (Dkt. 4).

Under 28 U.S.C. § 1915, the Court must review Satish's request to determine

whether he is entitled to proceed in forma pauperis—which permits civil litigants to

proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City

of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also

undertake an initial review of Satish's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, Satish's Application for Leave to Proceed in Forma Pauperis is DENIED as MOOT. Satish's Complaint is DISMISSED without leave to amend. Satish's Notice of Interlocutory Appeal is ineffective as no judgment has been entered in this case prior to the notice being filed; the Court will not address this notice further.

## II. BACKGROUND

Satish is a musician and a serial litigant who has filed frivolous complaints for over a decade across the entire Unites States. *See, e.g., Emrit v. Cheap-O-Air*, 2013 WL 12113179 (D. Md. Apr. 1, 2013), *aff'd,* 533 F. App'x 347 (4th Cir. 2013*); Emrit v. Marion Cnty. Hous. Auth. (MCHA)*, 2017 WL 743882 (D. Or. Feb. 23, 2017); *Emrit v. Sec'y of State, Rhode Island*, 2017 WL 3209232 (D.R.I. Feb. 27, 2017); *Emrit v. Progressive Ins. Co.*, 2024 WL 436385 (N.D. Fla. Jan. 11, 2024), *report and recommendation adopted*, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, 2024 WL 3664060 (11th Cir. Mar. 4, 2024).[1]

This case follows the trend of Satish's other cases as the Complaint is difficult, if at all possible, to understand. In his Complaint, Satish discusses his interview by the "senior producer of the Kelly Clarkson Show," his book "The Can'tidates" which was "endorsed by People Magazine and David Duchovny of The Red Shoe Diaries," and his letter from

---

[1] This is but a handful of the hundreds of cases and appeals Satish has filed over the years in various states. Additional cases are cited later in this decision.

MEMORANDUM DECISION AND ORDER - 2

the Florida Secretary of State. Dkt. 2, at 4-5. It is unclear how those facts relate to any legitimate legal cause of action, but Satish ultimately alleges former President Obama has committed various crimes against him and requests 500 billion dollars in damages. *Id*. at 5-6.

### III. LEGAL STANDARD

### A. Application to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any

portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. Application to Proceed In Forma Pauperis

The Court has examined Satish's application to proceed in forma pauperis and finds it does not establish his indigence. Satish lists his monthly income as $1,036.00, and his monthly expenses as $790.00. Dkt. 1, at 2, 4. Moreover, $100 of Satish's monthly expenses are spent on recreation, entertainment, newspapers, magazines, etc. *Id.* at 3. In short, Satish has approximately $346 in discretionary income each month. Satish also has $357.30 in a checking account. *Id.* at 2. Thus, the Court determines Satish is not indigent and cannot

proceed without pre-payment of the filing fee. However, as explained below, Satish's Complaint is DISMISSED, so the Application to Proceed In Forma Pauperis is DENIED as MOOT and no filing fee will be required.

### B. Sufficiency of Complaint

At face value, Satish's complaint cannot survive an initial analysis under the first two prongs of 28 U.S.C. § 1915(e)(2): (1) the complaint is frivolous or malicious; (2) the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii). Specifically addressing the first prong, Satish's complaint is frivolous. It is difficult to understand what, if anything, he is alleging. There are limited facts or cognizable legal theories. Moreover, what Satish does allege is the definition of "fantastical"—that former President Obama is a clandestine spy working through podcasts and other mediums to conducting espionage against him. These allegations cannot withstand scrutiny. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (noting a complaint is frivolous if its factual allegations are "clearly baseless," "fantastic," or "delusional"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) (noting that a plaintiff "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false").

Beyond the senseless claims presented in the Complaint, Satish is a serial litigant, who has filed substantially the same complaint as here in at least twenty-eight other districts. *See Emrit v. Obama*, 2026 WL 1021173, at *1 (D.S.D. Apr. 15, 2026) (collecting cases). The Court agrees with the opinions of those courts which reached the same conclusion: Satish's Complaint is frivolous, and it is absolutely clear that no amendment

MEMORANDUM DECISION AND ORDER - 5

will cure the defects so the Complaint should be DISMISSED without leave to amend.

## V. CONCLUSION

Satish's application to proceed in forma pauperis does not establish his indigency; even so, the application is moot because the Complaint is DISMISSED without leave to amend. Satish's Complaint is incurably insufficient, and this case must be closed.

## VI. ORDER

1.   Satish's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

2.   After an initial review of the Complaint, the Court will not allow Satish to proceed with his claims against Defendants. Satish's Complaint is DISMISSED without leave to amend.

3.   The case is CLOSED.

DATED: May 15, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6